UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY ANTONIO WRIGHT,

                Plaintiff,

   v.

MELINDA TUGGLE,

                Defendant.

Case No. C19-115-RSM-MLP

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion for injunction. Defendant has not filed a response to Plaintiff's motion and the Court has not called for a response. This Court, having reviewed Plaintiff's complaint, his motion for injunction, and the balance of the record, concludes that Plaintiff's motion for injunction should be denied.

## DISCUSSION

Plaintiff alleges in his civil rights complaint the Defendant Melinda Tuggle, a mailroom employee at the Monroe Correctional Complex (MCC), has consistently, and improperly, rejected Plaintiff's incoming and outgoing mail. (*See* Dkt. # 7 at 3.) In his motion for injunction,

REPORT AND RECOMMENDATION - 1

Plaintiff asserts that Ms. Tuggle recently rejected outgoing mail which Plaintiff had identified as legal mail, but which Ms. Tuggle characterized as general correspondence despite the fact that it was being sent to the secretary at a legal office. (Dkt. # 8 at 1.) Plaintiff seeks to enjoin Ms. Tuggle from handling any of his incoming or outgoing legal mail during the pendency of this case.

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). To obtain preliminary injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoted source omitted; emphasis added by Supreme Court); *see also Winter*, 555 U.S. at 24 ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

Plaintiff's motion for injunction consists of a single page in which he sets forth his request for relief, and some supporting documents which appear to show that the mail Plaintiff references in his motion was rejected by Ms. Tuggle. Nowhere in his materials does Plaintiff address the factors identified above, and the documents themselves are insufficient to enable the Court to conduct the necessary balancing. The Court therefore concludes that at this juncture Plaintiff has not demonstrated any entitlement to preliminary injunctive relief.

REPORT AND RECOMMENDATION - 2

CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion for injunction be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 10th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3